

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

———————————————

## No. 08-25-00065-CV

———————————————

Osvaldo De La Vega, Oscar De La Vega, Felicitas De La Vega, and
Alicia De La Vega, Appellants

v.

Ashley Imming f/k/a Ashley Corbus, Appellee

On Appeal from County Criminal Court at Law No. 1
El Paso County, Texas
Trial Court No. 2024-CCV01090

## MEMORANDUM OPINION

Appellants have filed an unopposed motion to dismiss this appeal, stating that the parties have settled their disputes, including this appeal. No other party has filed a notice of appeal and no opinion has been issued. Accordingly, we grant the motion and dismiss the appeal. *See* Tex. R. App. P. 42.1(a)(1) (allowing dismissal of appeal on motion of appellant).

Appellants further request that "[t]he $20,000 in cash posted with the El Paso County Clerk to supersede the judgment . . . be ordered refunded to [A]ppellants by check payable to 'Lopez Molinar & Hirsh PLLC in Trust.'" However, such relief falls outside the scope of Rule 42.1(a)(1).

*See id.* (allowing only dismissal of an appeal or affirmance of an appealed judgment or order where relief is granted based on appellant's motion); *cf. id*. 42.1(a)(2) (allowing rendition of judgment effectuating the parties' agreement where relief is granted based on agreement signed by the parties and filed with the clerk). Accordingly, we deny this request.[1]

Costs of the appeal are taxed against Appellants. *See* Tex. R. App. P. 42.1(d).[2] Any other pending motions are denied as moot.

LISA J. SOTO, Justice

March 2, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Under the circumstances, the trial court is the proper forum in which to make such a request. *See Burns v. Bishop,* 48 S.W.3d 459, 467 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("Funds on deposit in the registry of a trial court are always subject to the control and order of the trial court, and the court enjoys great latitude in dealing with them.").

[2] Appellants request that costs be taxed against the party incurring them. Because the motion does not reflect that Appellee agreed to this request, we must tax costs against Appellants. *See* Tex. R. App. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant.").